# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | |
|---|---|
| RICHARD HENDERSON, individually and on behalf of the classes, <br><br> Plaintiff, <br> v. <br><br> CHW GROUP, INC. d/b/a CHOICE HOME WARRANTY, <br><br> Defendant. | § § § § § § § § § § § § § <br><br> CA No.: 3:23-cv-284 <br><br> Class Action <br> Jury Demanded |

### CLASS ACTION COMPLAINT

Plaintiff, Richard Henderson ("Plaintiff") files this class action against CHW GROUP, INC. d/b/a CHOICE HOME WARRANTY ("Defendant" and/or "CHW") and respectfully shows the Court as follows:

### **PARTIES**

1. Plaintiff is, and at all times mentioned herein was, a citizen and resident of this District.

2. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

3. Plaintiff is, and at all times mentioned herein was, a "person" as defined by Tex. Bus. & Com. Code § 1.201(b)(27).

4. Plaintiff is, and at all times mentioned herein was, a "purchaser" as defined by Tex. Bus. & Com. Code § 302.001(3).

5. Defendant CHW is a New Jersey corporation with its principal Address located at

2147 NJ-27, 4th Floor Edison, New Jersey 08817.

6. Defendant is and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

7. Defendant is and at all times mentioned herein was, a "person" as defined by Tex. Bus. & Com. Code § 1.201(b)(27).

8. Defendant is and at all times mentioned herein were, a "person" as defined by Tex. Bus. & Com. Code § 1.201(b)(27)

9. Defendant is and at all times mentioned herein was, a "seller" as defined by Tex. Bus. & Com. Code § 302.001(5).

10. Defendant participated in the illegal telemarketing by personally designing the calling campaigns and approving the calling campaigns.

11. At all times relevant hereto, Defendant has formulated, directed, controlled, had the authority to control, ratified, benefited from, intended to benefit from, or otherwise participated in the acts and practices set forth in this Complaint.

12. Defendant had direct, personal participation in and/or personally authorized the conduct that violates the TCPA, and which is complained about in this Complaint.

13. Defendant "developed or authorized the policies and procedures that led to violations of the TCPA." *Cunningham v. Politi*, No. 4:18 -CV-00362-ALM-CAN, 2020 WL 1808239, at *5 (E.D. Tex. Jan. 26, 2020), report and recommendation adopted, No. 4:18-CV-362, 2020 WL 1703192 (E.D. Tex. Apr. 8, 2020); *Texas v. Am. Blastfax, Inc.*, 164 F.Supp.2d 892 (W.D.Tex.2001).

## JURISDICTION AND VENUE

14. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

15. This Court also has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a), because they are so closely related to the federal claims that they form a single case or controversy.

16. This Court has personal jurisdiction over Defendant because Defendant, or someone on Defendant's behalf, called Plaintiff, a resident of Texas, and Defendant, or persons on its behalf, makes numerous calls to other residents of Texas.

17. Defendant is aware that is calling residents of Texas and dialing into the State of Texas because it is calling Texas area codes and promotes the sale of its products and services to Texas residents. Defendant then enters into home warranty contracts with Texas residents to be used in Texas for Texas homes. In doing so, Defendant has availed itself to the jurisdiction of Texas because its products and services are marketed to and directed to residents in Texas, and its products and services are used and administered in Texas. Defendant took these actions to establish contacts with, to conduct business in, and to facilitate activity with persons, in the State of Texas.

18. Venue is proper because the Plaintiff is a resident of this District and Defendant has had sufficient contacts in this State and District to subject them to personal jurisdiction. As set forth above, Defendant targeted residents of this District and made calls into this State.

## FACTUAL ALLEGATIONS

19. This action arises out of Defendant's practice of making telemarketing calls to individuals on the National Do-Not-Call Registry without prior express written consent (or any

consent whatsoever), in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA") and provisions of the Texas Business & Commerce Code.

20. Plaintiff has been on the National Do-Not-Call Registry since on or about August 10, 2022, and at all times relevant to this action.

21. The TCPA provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government." 47 C.F.R. § 64.1200(c).

22. Defendant utilizes mass telemarketing phone call campaigns to place unsolicited phone calls, marketing and advertising Defendant's services, including at least three (3) unsolicited phone calls to Plaintiff's Texas telephone number (409)-XXX-8952 on:

   i. November 10, 2022, 2:17pm CST, from (illegally spoofed) number, 432-224-7465
   ii. November 18, 2022, 10:04am CST, from (illegally spoofed) number, 210-939-2480
   iii. August 18, 2023, 9:32 am CST, from (illegally spoofed) number, 409-200-7760

23. On each of the above calls, Plaintiff personally spoke with the caller.

24. On each of the above calls, the caller specifically identified himself as calling "from Choice Home Warranty."

25. On each of the above calls, Plaintiff clearly and expressly told the caller to stop calling him and that he does not consent to receiving any calls.

26. After receiving the first two calls, Plaintiff, through counsel, provide pre-suit notification of the calls to Defendant, through Defendant's counsel, on June 11, 2023.

27. Despite Plaintiff's number being registered on the DNC list, despite Plaintiff expressly telling Defendant on the calls to stop calling him, and despite Plaintiff providing written

notice to Defendant through counsel, Defendant continued to call Plaintiff.

28.     Plaintiff's number is used by Plaintiff for residential purposes and is considered by him to be a residential number. Plaintiff's cellular telephone number (409)-XXX-8952 is a personal cell phone that Plaintiff uses for personal, family and household use. Plaintiff maintains no landline phones at his residence and relies primarily on cellular phones to communicate with friends and family. Plaintiff also uses his cell phone for navigation purposes, sending and receiving emails, timing food when cooking, and sending and receiving text messages. Plaintiff further has his cell phone registered in his personal name, pays for the cell phone from his personal accounts, and the phone is not primarily used for any business purpose. Plaintiff's phone number (409)-XXX-8952 is a residential phone.

29.     Plaintiff's full telephone number will be provided to counsel for Defendant in discovery. It is not being provided in this Complaint, a public document, to prevent further unwanted and unauthorized calls to Plaintiff and further intrusion into her phone.

30.     The purpose of Defendant's phone calls was to market, advertise, and promote Defendant's business.

31.     Defendant's phone calls constitute telemarketing because they encouraged the future purchase or investment in property, goods, or services, i.e., advertising discounts and promotions for the purchase of Defendant's services.

32.     Defendant's phone calls were transmitted to Plaintiff's cellular telephone, and within the time frame relevant to this action.

33.     Plaintiff uses, and at all times relevant to this action used, his cellular telephone as his personal residential telephone number.

34. In 2003, the Federal Communications Commission ("FCC") ruled that cellular telephone numbers that are placed on the DNC Registry are presumed to be residential. In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 18 F.C.C. Rcd. 14014, 14039 (2003).

35. Defendant's telemarketing phone calls were not for emergency purposes as defined by or collection of a debt pursuant to 47 U.S.C. § 227(b)(1).

36. Plaintiff did not provide Defendant prior express written consent to receive telemarketing phone calls his personal cellular telephone.

37. Defendant was or should have been aware that it was unlawfully placing telemarketing phone calls to Plaintiff and other consumers without prior express consent or prior express written consent to telephone numbers on the DNC Registry.

38. Plaintiff was damaged by Defendant's unsolicited telemarketing phone calls. In addition to using Plaintiff's cellular data, battery life, and phone storage, his privacy was wrongfully invaded, causing intrusion upon his seclusion, intrusion and trespass upon his personal property, harassment, annoyance, aggravation, frustration, distraction, inconvenience, time spent investigating, and risk of future harm. Plaintiff has become aggravated having to deal with repeated, unwanted telemarketing messages forcing him to divert attention away from personal and family activities. Plaintiff was forced to spend time investigating the source of the phone calls and invest time researching and hiring counsel.

39. Plaintiff and Class Members have had to spend wasted time away from work, family, and personal activities, and suffered aggravation, because of the unwanted calls.

40. For example, Plaintiff received some of the unsolicited phone calls while he was sharing personal and intimate time with his spouse and children. This caused Plaintiff on multiple

occasions to stop to check his phone and waste time reviewing the messages to confirm they were not for an emergency purpose, causing specific injury, trespass, intrusion and disruption onto Plaintiff's personal and daily life.

41. Despite Plaintiff's efforts to make these telephone solicitations stop, Defendant continues to call Plaintiff, thus demonstrating willfulness, and the need for judicial intervention and injunctive relief to enjoin Defendant from continuing to violate the law.

### Spoofing is Illegal

42. The regulations enforcing and interpreting the TCPA, also require that any person or entity that engages in telemarketing must transmit caller identification information. 47 C.F.R. § 64.1601(e). This prevents a telemarketer from "spoofing" (using a false identification for their marketing calls) the telephone number from which the telemarketing call is made. Additionally, the regulations require telemarketers to provide the name of the telemarketer when available by the telemarketer's carrier and the seller's customer service number.

43. Here Defendant did not comply with the requirements of 47 C.F.R. § 64.1601(e) as it provided incorrect information regarding the number from which the call was being made.

### TEXAS' ANTI SOLICITATION AND ROBO-CALLING STATUTES

44. Section 302.101 of the Texas Business & Commerce Code prohibits sellers from engaging in telephone solicitation from a location in this state or to a purchaser located in this state unless the seller obtains a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made.

45. Sellers engaging in telephone solicitations are required to register, and among other things, list "each telephone number to be used by the seller and the address where each telephone using the number is located." §302.151(10).

46. Section 302.302(a) of the Texas Business & Commerce Code provides that a person who violates this chapter is subject to a civil penalty of no more than $5,000 for each violation. Furthermore, section 302.302(d) provides that the party bringing the action is also entitled to recover all reasonable cost of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorneys' fees.

47. Pursuant to section 305.053(a) of the Texas Business & Commerce Code, a person who receives a communication that violates 47 U.S.C. § 227, or a regulation adopted under that provision, may bring an action against the person who originates the communication for an injunction, damages or both.

## CLASS REPRESENTATION ALLEGATIONS

48. Plaintiff brings this class action under Rules 23(a) and 23(b)(2) & (b)(3) of the Federal Rules of Civil Procedure on behalf of himself and of a similarly situated "Class" or "Class Members" defined as:

> **DNC Class: All persons within the United States who (1) received at least two phone calls by or on behalf of Defendant (2) within a 12-month period from or on behalf of Defendant within the four years prior to the filing of this Complaint; (3) and such person had previously included their number on the National Do Not Call Registry at least 31 days prior to receiving the first call from Defendant; (4) for the purpose of selling Defendant's products and services; and (5) for whom Defendant claims (a) it did not obtain prior express written consent, or (b) it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call the Plaintiff.**

> **Internal DNC Class: All persons within the United States who, within the four years prior to the filing of this Complaint through the date of class certification, who (1) received two or more phone calls within any 12- month period, (2) regarding Defendant's property, goods, and/or services, (3) to said person's residential telephone number, (4) after requesting that Defendant or Defendant's vendor's "stop" or making similar request**

> **Texas § 302.101 Class**: Since within the four years prior to the filing of this Complaint through the date of certification, Plaintiff and all residents of the State of Texas to whose telephone number Defendant placed (or had placed on their behalf) a telephone solicitation when Defendant did not hold a registration certificate as required by Tex. Bus. & Com. Code § 302.101.
>
> **Texas § 305.053 Class**: Since within the four years prior to the filing of this Complaint through the date of certification, Plaintiff and all residents of the State of Texas, to whose telephone number Defendant: (1) placed (or had placed on their behalf) a call in violation of 47 U.S.C. § 227 or a regulation adopted under that provision.

33. Excluded from the Classes are: any Defendant, and any subsidiary or affiliate of that Defendant, and the directors, officers and employees of that Defendant or its subsidiaries or affiliates, and members of the federal judiciary.

34. This action has been brought and may properly be maintained as a class action against Defendant pursuant to Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable. Plaintiff reserves the right to amend the Class definition if discovery and further investigation reveal that any Class should be expanded or otherwise modified.

35. **Numerosity**: At this time Plaintiff does not know the exact number of Class Members, but among other things, given the nature of the claims and that Defendant's conduct consisted of calls placed to cellular telephone numbers, Plaintiff believes, at a minimum, there are greater than forty (40) Class Members. Plaintiff believes that the Class is so numerous that joinder of all members of the Class is impracticable and the disposition of their claims in a class action rather than incremental individual actions will benefit the Parties and the Court by eliminating thepossibility of inconsistent or varying adjudications of individual actions.

36. Upon information and belief, a more precise Class size and the identities of the individual members thereof are ascertainable through Defendant's records, including, but not limited to Defendant's call logs and marketing records.

37. Members of the Class may additionally or alternatively be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notice, fax notice, first class mail, or combinations thereof, or by other methods suitable to this class and deemed necessary and/or appropriate by the Court.

38. **Existence and Predominance of Common Questions of Fact and Law**: There is a well-defined community of common questions of fact and law affecting the Plaintiff and members of the Class. Common questions of law and/or fact exist as to all members of the Class and predominate over the questions affecting individual Class members. These common legal and/or factual questions include, but are not limited to, the following:

   a. Whether Defendant initiated telemarketing phone calls to Plaintiff and Class members;

   b. Whether Defendant can meet its burden of showing that it had prior express written consent to place such phone calls;

   c. How Defendant obtained the numbers of Plaintiff and Class members;

   d. Whether Defendant violated 47 C.F.R § 64.1200(c) and (d) and its regulations;

   e. Whether Defendant violated Texas Business and Commerce Code, § 302.101;

   f. Whether Defendant violated Texas Business and Commerce Code, § 305.053;

   g. Whether Defendant violated the privacy rights of Plaintiff and members of the class;

   h. Whether Plaintiff and the members of the Class are entitled to statutory damages, treble damages, and attorney's fees and costs for Defendant's acts and conduct;

    i.    Whether Plaintiff and members of the Class are entitled to a permanent injunction enjoining Defendant from continuing to engage in unlawful conduct; and

    j.    Whether Plaintiff and the Class are entitled to any other relief.

39.    One or more questions or issues of law and/or fact regarding Defendant's liability are common to all Class Members and predominate over any individual issues that may exist and may serve as a basis for class certification under Rule 23(c)(4).

40.    **Typicality**: Plaintiff's claims are typical of the claims of the members of the Class. The claims of the Plaintiff and members of the Class are based on the same legal theories and arise from the same course of conduct that violates the TCPA.

41.    Plaintiff and members of the Class each received at least two phone calls within a twelve month period, promoting the Defendant's business, which Defendant placed or caused to be placed to Plaintiff and the members of the Class.

42.    **Adequacy of Representation:** Plaintiff is an adequate representative of the Class because Plaintiff's interests do not conflict with the interests of the members of the Class. Plaintiff will fairly, adequately and vigorously represent and protect the interests of the members of the Class and has no interests antagonistic to the members of the Class. Plaintiff has retained counsel, who are competent and experienced in litigation in TCPA litigation and class action litigation.

43.    **Superiority**: A class action is superior to other available means for the fair and efficient adjudication of the claims of the Class. While the aggregate damages which may be awarded to the members of the Class are likely to be substantial, the damages suffered by individual members of the Class are relatively small. As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the Class to individually seek redress for the wrongs done to them. Plaintiff does not

know of any other litigation concerning this controversy already commenced against Defendant by any member of the Class. The likelihood of the individual members of the Class prosecuting separate claims is remote. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues. In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the Class. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

44. **Class-Wide Injunctive Relief and Rule 23(b)(2):** Moreover, as an alternative to or in addition to certification of the Class under Rule 23(b)(3), class certification is warranted under Rule 23(b)(2) because Defendant has acted on grounds generally applicable to Plaintiff and members of Class, thereby making appropriate final injunctive relief with respect to Plaintiff and Class Members as a whole. Plaintiff seeks injunctive relief on behalf of Class Members on grounds generally applicable to the entire Class in order to enjoin and prevent Defendant Defendant's ongoing violations of the TCPA, and to order Defendant to provide notice to them of their rights under the TCPA to statutory damages and to be free from unwanted calls.

## COUNT I
## <u>VIOLATIONS OF 47 U.S.C. § 227(c) AND C.F.R. § 64.1200(c)</u>

45. Plaintiff incorporates by reference all of the allegations contained in Paragraphs 1 through 44 of this Complaint as if set forth verbatim herein.

46. The TCPA provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone

number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government." 47 C.F.R. § 64.1200(c).

47. 47 C.F.R. § 64.1200(e), further provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

48. Wireless phone subscribers have always been able to add their personal wireless phone numbers to the national Do-Not-Call list.[1]

49. Any "person who has received more than one telephone call within any 12-monthperiod by or on behalf of the same entity in violation of the regulations prescribed under this subsection" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

50. Defendant violated 47 C.F.R. § 64.1200(c) by initiating telephone solicitations to telephone subscribers such as Plaintiff and the Do-Not-Call Registry Class members who registered their respective telephone numbers on the National Do-Not-Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

51. As a result of Defendant's conduct and pursuant to § 227(c)(5) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. To the extent Defendant's misconduct is

---

[1]. *See* Federal Communications Commission, Wireless Phones and the National Do-Not-Call List, https://www.fcc.gov/consumers/guides/wireless-phones-and-national-do-not-call-list#:~:text=Placing%20telemarketing%20calls%20to%20wireless,been%20%2D%20illegal%20in%20most%20cases. (Last visited June 18, 2023).

determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount in statutory damages for each willful violation recoverable by members of the Class.

WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff and the Class members relief against Defendant, as set forth in the Prayer for Relief below.

## COUNT II
## VIOLATIONS OF 47 U.S.C. § 227(c) AND C.F.R. § 64.1200(d)

52. Plaintiff incorporates by reference all of the allegations contained in Paragraphs 1 through 44 of this Complaint as if set forth verbatim herein.

53. 47 C.F.R. § 64.1200(d), in relevant part, provides: "No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

> (1) *Written policy*. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> (2) *Training of personnel engaged in telemarketing*. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.
>
> (3) *Recording, disclosure of do-not-call requests.* If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf

the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

54. Pursuant to 47 C.F.R § 64.1200€, the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers.

55. Unlike section 64.1200(c), a cause of action under 64.1200(d) does not require a plaintiff to have first registered their number on the National Do-Not-Call registry or request to be placed on defendant's internal do-not-call list. The TCPA makes it unlawful for any person to … initiate "any call for telemarketing purposes to a residential telephone subscriber unless" the caller "has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls[.]" *Bumpus v. Realogy Brokerage Grp. LLC*, No. 3:19-cv-03309-JD, 2022 U.S. Dist. LEXIS 52650, at *20-21 (N.D. Cal. Mar. 23, 2022) (citing 47 U.S.C. § 227(c)(2); 47 C.F.R. § 64.1200(d).

56. Nonetheless, Plaintiff and others members of the Internal DNC Class members made requests to Defendant not to receive telemarketing calls from Defendant.

57. Defendant failed to honor Plaintiff and the Internal DNC Class members opt-out requests.

58. Defendant violated the requirements of section 64.1200(d) by failing to (1) maintain the required written policies; (2) provide training to its personnel engaged in telemarketing; and (3) maintain a standalone do-not-call list.

59. Pursuant to section 227(c)(5) of the TCPA, Plaintiffs and the IDNC Class members are entitled to an award of $500.00 in statutory damages, for each phone call placed by Defendant. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the IDNC Class.

WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff and the Class members relief against Defendant, as set forth in the Prayer for Relief below.

## COUNT III
## VIOLATIONS OF TEXAS BUSINESS AND COMMERCE CODE, § 302.101
**(On Behalf of Plaintiff and the Texas § 302.101 Class)**

60. Plaintiff incorporates by reference all of the allegations contained in Paragraphs 1 through 44 of this Complaint as if set forth verbatim herein.

61. Defendant failed to obtain a registration certificate from the Office of the Secretary of State of Texas pursuant to violated § 302.101 of the Texas Business and Commerce Code.

62. Defendant placed telephone solicitations to Plaintiff's and the Texas § 302.101 Class Members' telephone numbers.

63. Defendant's telephone solicitations were made from a location in Texas or to Plaintiff and the Texas § 302.101 Class Members located in Texas.

64. Plaintiff and the Texas § 302.101 Class Members are entitled to an award of up to $5,000 for each violation and all reasonable cost of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney's fees.

WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff and the Class members relief against Defendant, as set forth in the Prayer for Relief below.

## COUNT IV
### VIOLATIONS OF TEXAS BUSINESS AND COMMERCE CODE, § 305.053
**(On Behalf of Plaintiff and the Texas § 305.053 Class)**

65. Plaintiff incorporates by reference all of the allegations contained in Paragraphs 1 through 44 of this Complaint as if set forth verbatim herein.

66. Defendant placed in a 12-month period at least one and many times more than one telemarketing telephone calls to Plaintiff's and the Texas § 305.053 Class Members' respective telephone numbers.

67. Each of these calls violated 47 U.S.C. § 227 or a regulation adopted under that provision.

68. Plaintiff and the Texas § 305.053 Class Members are entitled to:

   a. A permanent injunction to prevent any further violations of the Texas Business & Commerce Code, Chapter 305;

   b. The greater of $500 for each violation or Plaintiff's actual damages (*see* Tex. Bus. & Com. Code §304.053(b);

   c. The greater of $1,500 for each violation or Plaintiff's actual damages for each call made knowingly or intentionally (*see* Tex. Bus. & Com. Code §304.053(c).

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and in favor of the Class, against Defendant for:

   a. An order certifying this case as a class action, certifying Plaintiff as representative of the Class, and designating Plaintiff's attorneys Class counsel;

   b. Statutory damages of $500 per call, per violation, of the TCPA;

   c. Willful damages at $1,500 per call, per violation, of the TCPA;

d. A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(l)(A)(iii);

e. An injunction prohibiting Defendant from calling telephone numbers assigned to the National Do-Not-Call registry without the prior express written consent of the called party;

f. An injunction requiring Defendant to comply with 47 C.F.R. § 64.1200(d) by (1) maintaining the required written policies; (2) providing training to their personnel engaged in telemarketing; and (3) maintaining a do-not-call list;

g. An order declaring that Defendant's actions, as set out above, violate the Texas Business and Commerce Code because they are a violation of 47 U.S.C. §§ 227 (c), 47 C.F.R. §§64.1200(c)(4) and/or 47 C.F.R. § 64.1601(e) ;

h. An order declaring that Defendant's actions, as set out above, violate Tex. Bus. & Com. Code § 302.101.

i. An award of statutory damages under the Texas Business and Commerce Code;

j. An award of treble damages;

k. Reasonable attorney's fees and costs; and

l. Such further and other relief as this Court deems reasonable and just.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all appropriate claims.

**Dated: August 31, 2023**            Respectfully Submitted,

Respectfully submitted,

By: */s/ Chris R. Miltenberger*
Chris R. Miltenberger
Texas Bar Number: 14171200

**Attorney-In-Charge**

**The Law Office of Chris R. Miltenberger, PLLC**

1360 N. White Chapel, Suite 200
Southlake, Texas 76092-4322
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com

| | |
|---|---|
| **EGGNATZ \| PASCUCCI** | **JORDAN RICHARDS, PLLC** |
| 7450 Griffin Road, Suite 230 | 1800 Southeast 10th Ave., Suite 205 |
| Davie, Florida 33314 | Fort Lauderdale, Florida 33316 |
| Tel: (954) 889-3359 | Tel: (954) 871-0050 |
| *Counsel for Plaintiff* | *Counsel for Plaintiff* |
| JOSHUA H. EGGNATZ, ESQ. | JORDAN RICHARDS, ESQ. |
| Florida Bar No. 67926 | Florida Bar No. 108372 |
| *jeggnatz@justiceearned.com* | *Jordan@jordanrichardspllc.com* |
| *sgizzie@justiceearned.com* | |

**Attorneys for Plaintiff**